[993 NYS2d 159]

In the Matter of RICHARD D. FELDMAN (Admitted as RICHARD DAVID FELDMAN), a Suspended Attorney, Resignor.

Second Department, October 1, 2014

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Michael J. Kearse* of counsel), for the petitioner.

**OPINION OF THE COURT**

Per Curiam.

The respondent has proffered an affidavit of resignation dated January 27, 2014, wherein he acknowledges that he is the subject of a disciplinary proceeding charging him with four counts of professional misconduct. The charges include allegations that he engaged in conduct prejudicial to the administration of justice and failed to comply with the legitimate demands of the Grievance Committee with respect to an investigation into his failure to account for client funds he received in a real estate transaction and with respect to a separate investigation into his failure to reregister as an attorney with the New York State Office of Court Administration. The respondent acknowledges that he cannot successfully defend himself on the merits of any of the disciplinary charges pending against him.

The respondent further acknowledges that his resignation is freely and voluntarily tendered, and that he is not being subjected to coercion or duress by anyone. The respondent has discussed his decision to resign with persons whose advice and counsel he respects, and is fully aware of the implications of the same, including being barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Judicial Department, from seeking reinstatement for at least seven years.

Finally, the respondent acknowledges that his resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a) (a). He further acknowledges the continuing jurisdiction of this Court to make such an order, which could be entered as a civil judgment against him pursuant to Judiciary Law § 90 (6-a) (d).

The respondent acknowledges and agrees that pending issuance of an order accepting this resignation, he cannot take on any new clients, or accept any retainers for future legal ser-

vices, and that there will be no transactional activity in any fiduciary account to which he has access, other than for payments of funds held therein on behalf of clients or others entitled to the same.

The Grievance Committee recommends that the Court accept the respondent's resignation from the bar, and that his name be stricken from the roll of attorneys and counselors-at-law, despite his having reserved the right to be heard in opposition to any application by the Grievance Committee for an order directing that he make restitution, pursuant to Judiciary Law § 90 (6-a) (f).

Inasmuch as the proffered resignation substantially complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, SKELOS and LEVENTHAL, JJ., concur.

Ordered that the resignation of Richard D. Feldman, admitted as Richard David Feldman, a suspended attorney, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Richard D. Feldman, admitted as Richard David Feldman, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Richard D. Feldman, admitted as Richard David Feldman, a suspended attorney, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Richard D. Feldman, admitted as Richard David Feldman, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Richard D. Feldman, admitted as Richard David Feldman, a suspended attorney, has been issued a secure

pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the pending disciplinary proceeding is discontinued.